


In The District Court of the United States
For the Eastern District of Tennessee
800 Market Street
Knoxville, Tennessee 37902
Clerk of the Court phone: 865-545-4228

FILED
2005 FEB -4 A 11:02
U.S. DISTRICT COURT
EASTERN DIST. TENN.
BY________DEPT. CLERK

Jimmie D. Ross and Pamela A. Ross, individuals and all others similarly situated,

Plaintiffs,

v.

CHASE BANK, an enterprise affecting interstate commerce,

AMBROSE, WILSON, GRIMM & DURAND, an Enterprise affecting interstate commerce,

Christopher W. Conner, an individual predicate actor in schemes violating federal laws providing that fraud and extortion are *malum in se* offenses,

Telford E. Forgety, Jr., a public official, records verify, aids and abets schemes of fraud and extortion,

R-MAC DEVELOPMENT, LLC, an enterprise affecting interstate commerce,

Martin I. Ravin, an individual predicate actor in schemes violating federal laws providing that fraud and extortion are *malum in se* offenses,

Defendants.

FEDERAL CASE NUMBER
3:05-CV-75
Jordan/Guyton

---

Petition, complaint, and claim under authority of 18 USC 1964(a)

Subject matter jurisdictional statement

FEDERAL QUESTION JURISDICTION: 28 USC § 1331: The federal district court has subject matter jurisdiction to consider this claim under authority of 18 USC 1964(a) and by virtue of sufficient pleadings clearly articulating violations of 18 USC 1961 & 1962. The violations are pled with particularity *infra.* Furthermore, the clear face of this record shows the claims of Jimmie D. Ross and Pamela A. Ross in harmony with *Attick v. Valeria Associates, L.P.,* S.D. N.Y. 1992, 835 F. Supp. 103, *Avirgan v. Hull,* C.A. 11 (Fla.) 1991, 932 F.2d 1572, *Yellow Bus Lines, Inc. v. Drivers, Chauffeurs & Helpers Local Union 639*, C.A.D.C. 1990, 913 F.2d 948, 286 U.S. App. D.C. 182, certiorari denied 111 S.Ct. 2839, 501 U.S. 1222, 115 L.Ed. 2d 1007, *Hecht v. Commerce Clearing House, Inc.* C.A. 2 (N.Y.) 1990, 897 F.2d 21, 100 A.L.R. Fed. 655, *Standard Chlorine of Delaware, Inc. v. Sinibaldi,* D.Del. 1992, 821 F. Supp. 232, *Jordan v. Herman,* F.D. Pa. 1992, 792 F. Supp. 380, *Nassau-Suffolk Ice Cream, Inc. v. Integrated Resources, Inc.* S.D.N.Y. 1987, 114 F.R.D. 684, *Polletier v. Zweifel,* C.A. 11 (Ga.) 1991, 921 F.2d 1465, rehearing denied 931 F.2d 901, certiorari denied 112 S.Ct. 167, 502 U.S. 855, 116 L.Ed. 131, *Khurana v. Innovative Heath Care Systems, Inc.* , C.A. 5 (La.) 1997, 130 F.3d 143, vacated 119 S.Ct. 442, 525 U.S. 979, 142 L.Ed. 2d 397, on remand 164 F.3d 900, *In re American Honda Motor Co., Inc. Dealership Relations Litigation,* D.Md. 1996, 941 F.Supp. 528, *Red Ball Interior Demolition Corp. v. Palmadessa,* S.D.N.Y. 1995, 908 F.Supp. 1226, *Protter v. Nathan's Famous Systems, Inc.* E.D. N.Y. 1995, 904 F.Supp. 101, *Prudential Ins. Co. of America v. U.S. Gypsum Co.* D.N.J. 1993, 828 F.Supp. 287, and *Compagnie de Reassuarance D'lle de France v. New England Reinsurance Corp.* D. Mass. 1993, 825 F.Supp. 370.

Statement of *in personum* jurisdiction

CHASE BANK is an enterprise affecting interstate commerce. CHASE BANK operates from Executive Offices 270 Park Avenue in New York, New York

10017. AMBROSE, WILSON, GRIMM & DURAND, located at 607 Market Street Ninth Floor, in Knoxville, Tennessee 37901-2466 is a local facilitator of fraud and extortion for CHASE BANK. Christopher W. Conner is a member of the enterprise, AMBROSE, WILSON, GRIMM & DURAND. Telford E. Forgety, Jr. aided and abetted AMBROSE, WILSON, GRIMM & DURAND, and Christopher W. Conner in Conner's violations of 18 USC 1961 & 1962.

Statement of venue

Venue is appropriate in the Eastern District of Tennessee as the predicate acts of fraud and extortion committed by Christopher W. Conner occurred in the Eastern District of Tennessee.

Theory of the case

Christopher W. Conner is engaged in the debt collection fraud racket. HOW THE DEBT COLLECTION FRAUD RACKET WORKS: AMBROSE, WILSON, GRIMM & DURAND is a subset of the debt collection racket, a wide-spread, far-reaching scam composed of artists such as Christopher W. Conner, et al. How the scam works: In a back room of the Chicago Board of Trade, worthless bundles of commercial paper in the form of copies of charged off debt are sold at auction or from "debt purchasing" organizations such as Collins Financial Services, Inc., a.k.a. sales@cfsi.net, Money World Network, foreclosurestore.com, chargeoffclearringhouse.com, and loans@money-finance.us. Actors such as Conner can also rely on such resources as collection industry.com. The typical face value of the bundles often amounts to tens of millions of dollars. The original makers of the loans including mortgagees and credit card debt are rarely harmed because they most often have hypothecated the loan and have risked nothing. Actors up line from such artists as AMBROSE, WILSON, GRIMM & DURAND then break apart the bundles and resell the worthless commercial paper in clusters based on who the original creditor is and what the geographic location of the origin of the individual copies. Artists such as AMBROSE, WILSON, GRIMM & DURAND are the actual "end user" holders in due course although typically in the scam, artists such as AMBROSE, WILSON, GRIMM & DURAND invest as little as 75 cents on the hundred dollar face

amount for the worthless commercial paper, then allege they are third party debt collectors attempting to collect for the original maker of the loan. Enterprises such as AMBROSE, WILSON, GRIMM & DURAND use threat, coercion, intimidation, and deception to defraud and extort money and property from parties such as Jimmie D. Ross and Pamela A. Ross. Whenever necessary, scam artists such as Christopher W. Conner, subject parties such as Jimmie D. Ross and Pamela A. Ross to sham legal proceedings where: (1) Standing to sue in the respective state court is never proved, (2) Standing to sue as a bona fide holder-in-due-course is never proved, (3) Corporate charter authority to make consumer loans is never proved, (4) Corporate charter authority to sue for damages on consumer loans is never proved, (5) Damages in fact are never proved, and (6). Delegation of authority from enterprises such as CHASE BANK to predicate actors such as AMBROSE, WILSON, GRIMM & DURAND is never proved. When defendants raise any defense whatsoever, they are forced into submission by lawless acts of tyranny from public servants such as Telford E. Forgety, Jr., who either are, or pretend to be, absolutely "clueless." In this instant case, Forgety, Jr. is "on the take" receiving kickbacks and bribes from Conner, or Forgety, Jr. lacks both the ethical and professional integrity to make decisions affecting other people's lives. This racket is particularly heinous in the case of credit card contracts, which as a continuing series of offers to contract are non-transferable. The scam is complete when artists such as Christopher W. Conner, with the cooperation of bad character, bad behavior public servants like Telford E. Forgety, Jr., defraud parties such as Jimmie D. Ross and Pamela A. Ross.

FIRST PREDICATE ACT IN VIOLATION OF 18 USC 1961 & 1962: July 17, 2003, predicate actor, Conner, filed a fraudulent security instrument that fraudulently claimed that Jimmie D. Ross and Pamela A. Ross were indebted to R-MAC DEVELOPMENT, LLC in a sum in excess of twenty-two thousand dollars. Concisely, Conner advanced a writing, which Conner knew was false, with the intention that Jimmie D. Ross and Pamela A. Ross rely on the fraud to Jimmie D. Ross and Pamela A. Ross's detriment. Conner's fraudulent claim was

urged under color of an official right. A jury shall determine that Christopher W. Conner absolutely violated 18 USC 1961 & 1962 by the fraud and extortion, which occurred on July 17, 2003.

SECOND PREDICATE ACT IN VIOLATION OF 18 USC 1961 & 1962: October 26, 2004, predicate actor Christopher W. Conner again filed a fraudulent security instrument that fraudulently claimed that Jimmie D. Ross and Pamela A. Ross were indebted to CHASE BANK in a sum in excess of twenty-two thousand dollars. Concisely, Conner advanced a writing, which Conner knew was false, with the intention that Jimmie D. Ross and Pamela A. Ross rely on the fraud to Jimmie D. Ross and Pamela A. Ross's detriment. Conner's fraudulent claim was urged under color of an official right. A jury shall determine that Christopher W. Conner absolutely violated 18 USC 1961 & 1962 by the fraud and extortion, which occurred on October 26, 2004.

THIRD PREDICATE ACT IN VIOLATION OF 18 USC 1961 & 1962: January 13, 2005, predicate actor, Christopher W. Conner filed a fraudulent security instrument that fraudulently claimed that Jimmie D. Ross and Pamela A. Ross were indebted to R-MAC DEVELOPMENT, LLC in a sum in excess of twenty-two thousand dollars. Concisely, Conner advanced a writing, which Conner knew was false, with the intention that Jimmie D. Ross and Pamela A. Ross rely on the fraud to Jimmie D. Ross and Pamela A. Ross's detriment. Conner's fraudulent claim was urged under color of an official right. A jury shall determine that Christopher W. Conner absolutely violated 18 USC 1961 & 1962 by the fraud and extortion, which occurred on January 13, 2005. In this episode of mischief, Conner secured Forgety, Jr.'s sworn agreement to aide and abet in the defrauding of Jimmie D. Ross and Pamela A. Ross.

Affidavit

I, Jimmie D. Ross and Pamela A. Ross, of age and competent to testify, state as follows based on our own personal knowledge:

1. We were contacted by Christopher W. Conner about December 30, 2002. Conner alleged that we owed R-MAC DEVELOPMENT, LLC a large sum of money, but in the time since, has refused to document and verify that I owe him, R-MAC DEVELOPMENT, LLC, CHASE BANK, or AMBROSE, WILSON, GRIMM & DURAND money.
2. On May 28, 2003 Martin I. Ravin, General Manager of R-MAC DEVELOPMENT, LLC, falsely created a Sworn Account over a notary signature and seal, that we owed R-MAC DEVELOPMENT, LLC over twenty-two thousand dollars. The document also referenced a CHASE BANK alleged client account number without indicating CHASE BANK by name.
3. July 18, 2003 Christopher W. Conner filed the Complaint On Sworn Account in Chancery Court for Sevier County, Tennessee.
4. July 22, 2003, Christopher W. Conner falsely alleged by way of summons that R-MAC DEVELOPMENT, LLC had a claim against us and had authority to sue in Tennessee courts. Ravin's Sworn Account document was attached.
5. October 26, 2004, Christopher W. Conner falsely alleged that although he was attorney of record for R-MAC DEVELOPMENT, LLC, he made it clear that this was in reference to a CHASE BANK credit card account.
6. On December 3, 2004, Christopher W. Conner falsely alleged that a party who had no personal knowledge of the business records of CHASE BANK could testify competently about CHASE BANK'S records.
7. On December 15, 2004 a trial date was scheduled for MARCH 10, 2005.
8. On January 13, 2005 Conner and Forgety, Jr. conducted an ex parte hearing without notifying the defendants. Conner and Forgety, Jr. prepared and submitted a false document, committing felony crimes of fraud, extortion and mail fraud according to 18 USC 1961, 1962 and 1341.
9. January 13, 2005, Christopher W. Conner secured agreement from Telford E. Forgety, Jr. that Forgety, Jr. would help Conner defraud me.
10. As a result of the harassment of Conner and Conner's repeated attempts to extort money and property from me and because of Conner's dissemination of false information about my finances, I have been deprived of business opportunities and been damaged in my business enterprises.

Jimmie D. Ross

Jimmie D. Ross

Pamela A. Ross

Pamela A. Ross

STATE OF TENNESSEE

INDIVIDUAL ACKNOWLEDGMENT

COUNTY OF SEVIER

Before me, the undersigned, a Notary Public in and for said County and State on this 28 day of January, 2005, personally appeared Jimmie D. Ross and Pamela A. Ross to me known to be the identical persons who executed the within and foregoing instrument and acknowledged to me that they executed the same as his free and voluntary act.

Given under my hand and seal the day and year last above written.

My commission expires 3/29/2005 SEAL

Notary Public [signature]

Plaintiffs' RICO case statement detailing the racketeering enterprise, the predicate acts of racketeering, and the economic purpose

AMBROSE, WILSON, GRIMM & DURAND, is running a racket by taking money and property from parties situated similarly to Jimmie D. Ross and Pamela A. Ross to satisfy nonexistent "debts." This court shall notice that Jimmie D. Ross and Pamela A. Ross, in this complaint, have **testified** of injury to property and business by reason of acts, which violate section 4 of the Clayton Act. See *Attick v. Valeria Associates, L.P.,* S.D. N.Y. 1992, 835 F. Supp. 103. Jimmie D. Ross and Pamela A. Ross have articulated violations of racketeering laws, testified that the violations injured both business and property warranting treble damages. See *Avirgan v. Hull,* C.A. 11 (Fla.) 1991, 932 F.2d 1572. In naming AMBROSE, WILSON, GRIMM & DURAND, an enterprise to which Christopher W. Conner belongs, Jimmie D. Ross and Pamela A. Ross have established that an enterprise exists which undeniably affects interstate commerce. See *Yellow Bus Lines, Inc. v. Drivers, Chauffeurs & Helpers Local Union 639*, C.A.D.C. 1990, 913 F.2d 948, 286 U.S. App. D.C. 182, certiorari denied 111 S.Ct. 2839, 501 U.S. 1222, 115 L.Ed. 2d 1007. Jimmie D. Ross and Pamela A. Ross have standing to sue under RICO as Jimmie D. Ross and Pamela A. Ross have shown violations of RICO, injury to business and property, and causation of the injury by the violations. See *Hecht v. Commerce Clearing House, Inc.* C.A. 2 (N.Y.) 1990, 897 F.2d 21, 100 A.L.R. Fed. 655. Jimmie D. Ross and Pamela A. Ross have perfected a RICO claim by showing the existence of a RICO enterprise, showing a pattern of racketeering activity: fraud, shown nexus between the defendants and the pattern of frauds, and shown resulting injury to business and property. See *Standard Chlorine of Delaware, Inc. v. Sinibaldi,* D.Del. 1992, 821 F. Supp. 232. Jimmie D. Ross and Pamela A. Ross have demonstrated that Jimmie D. Ross and Pamela A. Ross sustained injury as proximate result of the pattern of frauds by the defendants. See *Jordan v. Herman,* F.D. Pa. 1992, 792 F. Supp. 380. Christopher W. Conner's membership in the enterprise, AMBROSE, WILSON, GRIMM & DURAND,

empowers Conner to do illicit business benefiting AMBROSE, WILSON, GRIMM & DURAND, directly and indirectly. AMBROSE, WILSON, GRIMM & DURAND is able to recoup and profit by CHASE BANK, investment affecting interstate commerce. See *Nassau-Suffolk Ice Cream, Inc. v. Integrated Resources, Inc.* S.D.N.Y. 1987, 114 F.R.D. 684. Jimmie D. Ross and Pamela A. Ross clearly articulated being Conner's target of extortion and resulting business loses. See *Polletier v. Zweifel,* C.A. 11 (Ga.) 1991, 921 F.2d 1465, rehearing denied 931 F.2d 901, certiorari denied 112 S.Ct. 167, 502 U.S. 855, 116 L.Ed. 131. The cause-in-fact that but for the chicanery of the enterprise member, Christopher W. Conner, Jimmie D. Ross and Pamela A. Ross would have their money and their business would not have incurred tangible losses is sufficient to state factual causation for provision of RICO act providing for treble damages. See *Khurana v. Innovative Heath Care Systems, Inc.* , C.A. 5 (La.) 1997, 130 F.3d 143, vacated 119 S.Ct. 442, 525 U.S. 979, 142 L.Ed. 2d 397, on remand 164 F.3d 900. Jimmie D. Ross and Pamela A. Ross's reliance on traditional principles of proximate causation applying to RICO cases is illustrated in the well pleaded, testimony that Jimmie D. Ross and Pamela A. Ross were the target of extortion and their business interfered with by predicate acts of the defendants. See *In re American Honda Motor Co., Inc. Dealership Relations Litigation,* D.Md. 1996, 941 F.Supp. 528. There exists an undeniable relationship between the acts of the defendants and the damage to property and business interests of Jimmie D. Ross and Pamela A. Ross. See *Red Ball Interior Demolition Corp. v. Palmadessa,* S.D.N.Y.1995, 908 F. Supp. 1226. The damage caused by the defendants was the natural and reasonably foreseeable consequence of the frauds promulgated by the defendants. See *Protter v. Nathan's Famous Systems, Inc.* E.D. N.Y. 1995, 904 F.Supp. 101. The fraud by the defendants was the legal cause of Jimmie D. Ross and Pamela A. Ross being the target of extortion, their business interests being interfered with, and related damages. See *Prudential Ins. Co. of America v. U.S. Gypsum Co.* D.N.J. 1993, 828 F. Supp. 287. The enterprise, CHASE BANK is evident to a high degree and it is also evident to a high degree that associates such as Christopher W. Conner act

as a continuing unit. See *Compagnie de Reassuarance D'lle de France v. New England Reinsurance Corp.* D. Mass. 1993, 825 F. Supp. 370. It is undeniable that AMBROSE, WILSON, GRIMM & DURAND receives money for defrauding parties such as Jimmie D. Ross and Pamela A. Ross. AMBROSE, WILSON, GRIMM & DURAND receipts and compensation to collateral enterprises, represents their necessary investment in the class of business to which AMBROSE, WILSON, GRIMM & DURAND belongs for the continuing privilege of, in the vernacular, continuing to rip people off in phony, sham proceedings. See *Grand Cent. Sanitation, Inc. v. First Nat. Bank of Palmerton*, M.D.Pa. 1992, 816 F.Supp. 299. Undeniably, the defendants have used the courts for purposes of fraud and extortion. Conner's pattern of attacks on Jimmie D. Ross and Pamela A. Ross is but one of many of examples of fraud by AMBROSE, WILSON, GRIMM & DURAND and other enterprises similarly constituted.

Remedy sought and prayer for relief

The Federal District Court has a duty to order the dissolution of CHASE BANK and AMBROSE, WILSON, GRIMM & DURAND under authority of 18 USC 1964(a). The Federal District Court is empowered to order treble damages as remedial to the racketeering activities of "RICO" enterprises and their constituent members. A jury's determination that AMBROSE, WILSON, GRIMM & DURAND by and through Christopher W. Conner and Telford E. Forgety, Jr. has engaged in a pattern of frauds rising to a level of racketeering requires this court's order to CHASE BANK and AMBROSE, WILSON, GRIMM & DURAND to dissolve and cease operations. A jury's determination that AMBROSE, WILSON, GRIMM & DURAND, by and through Christopher W. Conner and Telford E. Forgety, Jr., committed or aided and abetted two or more predicate acts of fraud resulting in defrauding Jimmie D. Ross and Pamela A. Ross and others similarly situated of property and business interests justly requires ordering CHASE BANK, AMBROSE, WILSON, GRIMM & DURAND, and Christopher W. Conner and Telford E. Forgety, Jr. to compensate all parties in a sum not less than three

times the collective sums of property and losses to businesses of all who are similarly situated

TRIAL BY JURY DEMANDED

Prepared and submitted by:

Jimmie Duane Ross

Jimmie D. Ross

Pamela Ann Ross

Pamela A. Ross