IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| JIMMIE D. ROSS and<br>PAMELA A. ROSS, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | ) | No. 3:05-CV-075 |
| | ) | |
| CHASE BANK,<br>AMBROSE, WILSON, GRIMM & DURAND,<br>CHRISTOPHER W. CONNER,<br>TELFORD E. FORGETY, JR.,<br>R-MAC DEVELOPMENT, LLC, and<br>MARTIN I. RAVIN, | )<br>)<br>)<br>)<br>)<br>) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Citing Rule 60(b)(4) of the Federal Rules of Civil Procedure, plaintiffs ask [doc. 35] the court to vacate its order [doc. 34] dismissing this civil action. Rule 60(b)(4) provides that "the court may relieve a party . . . from a final judgment [if] . . . the judgment is void." Fed. R. Civ. P. 60(b)(4). "A judgment is void under 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) (citation and quotation omitted).

Plaintiffs argue that "the court is deprived of subject matter jurisdiction" and that "the court especially contravened the Constitution's due process clause" because: (1) the court's prior order lacked support from the record; and (2) the underlying state court

judgment was invalid. Plaintiffs have previously raised these arguments, and the court has previously rejected them [doc. 33]. The court therefore finds no grounds to vacate the dismissal of this action under Rule 60(b)(4).

Primarily, plaintiffs disagree with the court's prior decision and are asking the court to change its mind. A motion merely asking a court to reconsider and reverse its prior holding is properly treated as a motion to alter or amend under Rule 59(e). *See Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979). Motions to alter or amend may be made for one of three reasons: (1) an intervening change in the law; (2) evidence not previously available has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *Helton v. ACS Group*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997) (citation and quotation omitted). Having considered plaintiffs' motion, the court finds no ground on which to grant the relief sought. Plaintiffs cite no newly discovered evidence or intervening change in the law. The court does not perceive any clear error of law or manifest injustice in its order dismissing this case.

Rule 59(e) motions are not intended to be vehicles for relitigating previously decided issues. *Id*. Plaintiffs' motion is accordingly **DENIED**.

**IT IS SO ORDERED.**

ENTER:

        s/ Leon Jordan
United States District Judge