INFORMATION COPY
MANDATE NOT YET ISSUED.
DIS. CT. # 05-00075 — UNITED STATES COURT OF APPEALS

No. 05-5882

FILED

FILED JAN 3 1 2006

FOR THE SIXTH CIRCUIT

LEONARD GREEN, Clerk

2006 FEB -3 A II: 12

|   |   |
|---|---|
| JIMMIE D. ROSS; PAMELA ROSS, | ) |
|  | ) |
| Plaintiffs-Appellants, | ) |
|  | ) |
| v. | ) |
|  | ) |
| CHASE BANK; AMBROSE, WILSON, | ) |
| GRIMM & DURAND; CHRISTOPHER | ) |
| CONNER; TELFORD E. FOGERTY, JR.; R- | ) |
| MAC DEVELOPMENT, LLC; MARTIN | ) |
| RAVIN, | ) |
|  | ) |
| Defendants-Appellees. | ) |

U.S. DISTRICT COURT
EASTERN DIST. TENN.

BY_____DEPT. CLERK
ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
TENNESSEE

O R D E R

Before: COLE, CLAY, and GIBBONS, Circuit Judges.

Plaintiffs, Jimmie D. Ross and Pamela A. Ross, Tennessee residents, appeal a district court order dismissing their complaint filed under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. Named as defendants are: Chase Bank; Ambrose, Wilson, Grimm & Durand; Christopher W. Conner; Telford E. Fogerty, Jr.; R-Mac Development, LLC; and Martin I. Ravin. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

The plaintiffs filed their complaint on February 4, 2005, alleging violations of the RICO Act relating to the defendants' purported "debt collection fraud racket." Specifically, the plaintiffs accuse the defendants of "fraudulently claim[ing]" that the plaintiffs are indebted to defendants

Chase Bank and/or R-Mac. The plaintiffs describe the purported debt as "worthless commercial paper," a non-transferable credit card contract, a "fraudulent security instrument," an "alleged client account," and a "falsely created . . . Sworn Account." The core issue of the plaintiffs' RICO case is their contention that the R-Mac/Chase debt is invalid. The plaintiffs sought monetary relief and the court-ordered dissolution of defendant Chase Bank. The plaintiffs' claim involves a January 13, 2005 judgment order (characterized by the plaintiffs as "a false document") entered by defendant Fogerty, who is a judge in the Chancery Court for Sevier County, Tennessee. The plaintiffs allege that Chancellor Fogerty is a "clueless" "miscreant" and a "bad character, bad behavior public servant" who, subsequent to a purported ex parte hearing, signed the above-referenced "false document" either because he "is 'on the take' receiving kickbacks and bribes from [defendant] Conner, or [because he] lacks both the ethical and professional integrity to make decisions affecting other people's lives." The plaintiffs sought only monetary relief from Chancellor Fogerty.

In a memorandum opinion filed March 28, 2005, the district court granted Chancellor Forgerty's motion to dismiss after concluding that Chancellor Fogerty was entitled to judicial immunity. In a memorandum opinion filed April 26, 2005, the district court granted the remaining defendants' motion to dismiss after concluding that the plaintiffs' complaint was barred by collateral estoppel. The plaintiffs' Fed. R Civ. P. 60(b)(4) motion was denied in orders filed May 12, 2005 and May 25, 2005. This appeal followed.

We review de novo a district court's order granting a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). In considering a motion to dismiss pursuant to Rule 12(b)(6), all well-pleaded factual allegations of the complaint must be accepted as true and the complaint must be construed in the light most favorable to the plaintiff. *Id.* Dismissal of a complaint is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Upon review, we conclude that the district court properly dismissed the claim against Chancellor Fogerty. A state trial judge is entitled to absolute immunity. Judges are generally

immune from civil suits for monetary damages. *See Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). The Supreme Court has explicitly stated that a judge will not be deprived of immunity because the action he or she took was in error, was done maliciously, or was in excess of his or her authority. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Absolute judicial immunity is overcome only when a judge engages in non-judicial actions or when the judge's actions, though judicial in nature, are taken in complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

Absolute judicial immunity attaches only to actions undertaken in a judicial capacity. *See Barnes*, 105 F.3d at 1116. Whether an act is judicial depends on the nature and function of the act, not the act itself. *Id.* In examining the functions normally performed by a judge, courts have found that judicial acts involve resolving disputes between parties who have invoked the jurisdiction of the court. *Id.* As the actions complained of by the plaintiffs, *i.e.*, the adjudication of a debt collection suit and the entry of an order, concern judicial acts by a state judge, this judicial officer is entitled to absolute judicial immunity. *Id.*

The district court properly dismissed the complaint against the remaining defendants as barred by collateral estoppel. State law controls issues of collateral estoppel (issue preclusion). *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). In Tennessee, collateral estoppel operates to bar a second suit between the same parties and their privies on a different cause of action only as to issues which were actually litigated and determined in the former suit. *See Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995). There are four factors that are relevant in determining the application of collateral estoppel: 1) whether the issues in the prior proceeding are the same as the issues presented in the present action; 2) whether the prior proceeding resulted in a judgment on the merits; 3) whether the party in the present action was a party, or in privity with a party, to the present proceeding; and 4) whether there was a full and fair opportunity to litigate the issue in the prior litigation. *Morris v. Esmark Apparel, Inc.*, 832 S.W.2d 563, 566 (Tenn. Ct. App. 1991). Collateral estoppel does not require that the parties be the same, but only that the parties be privies. *Bright v. Spaghetti Warehouse, Inc.*, No. 03A01-9708-CV-00377, 1998 WL

205757, at *2 (Tenn. Ct. App. Apr. 29, 1998). Under Tennessee law, "privies" are not only those who are so related by blood and law, but are those who are so related by reason of the facts showing an identity of interest. *Cotton v. Underwood*, 442 S.W.2d 632, 634-45 (Tenn. 1969).

The facts and procedural history of this case meet the test for issue preclusion on the issues the plaintiffs attempts to raise in this action. First, the underlying Chancery Court litigation was a suit between the same parties or their privies as in the present action (R-Mac and the present plaintiffs). Second, at the core of each suit is the issue of the validity of the disputed debt. Third, although the Chancery Court case culminated in a default judgment, a default judgment satisfies Tennessee's "actually litigated" requirement. *See In re Bursack*, 65 F.3d 51, 54 (6th Cir. 1995) (citing *Massengill v. Scott*, 738 S.W.2d 629, 632 (Tenn. 1987)). Lastly, as pointed out by the district court, "the resolution of the validity of the $22,722.00 debt was necessary to the judgment in the Chancery Court, as that litigation resulted in a judgment order in favor of R-Mac on that very debt." Therefore, because the plaintiffs are estopped from challenging the purported "fraudulent claim" upon which the RICO claim is based, dismissal was proper.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

Leonard Suu
Clerk